# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THEODORE GLENN BROOKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:08CV277 |
| v. ) | 1:00CR293-6 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Theodore Glenn Brooks, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 225.)[1] Petitioner was charged in a superseding indictment with one count of conspiracy to distribute more than 50 grams of cocaine base and to possess cocaine hydrochloride with intent to manufacture cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), one count of possession with intent to distribute 1,985.2 grams of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possession of a firearm in furtherance of the drug conspiracy charged in Count One in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Docket No. 77.) Petitioner eventually pled guilty to the two firearm

---

[1] This and all further cites to the record are to the criminal case.

charges (Docket No. 115) before being sentenced to a total of 190 months of imprisonment (Docket No. 155).

Petitioner did not file a direct appeal, but did submit a § 2255 motion which was not dated, but which was received by the Court on March 27, 2008. (Docket No. 222.) This motion was dismissed for procedural deficiencies, but the dismissal was without prejudice to Petitioner submitting a new motion correcting the defects. (Docket No. 224.) The Court received a corrected motion on April 21, 2008. Respondent then filed a motion to have this action dismissed. (Docket No. 229.) Petitioner has responded to the motion to dismiss (Docket Nos. 231, 232), and the matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

**Discussion**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. *Id.*; Fed. R. App. P. 4(b). Here, because no direct appeal was filed, Petitioner's conviction became final ten days after the judgment was entered on April 4, 2001. His time to file then ran for a year and expired on or about April 15, 2002, without Petitioner having filed any § 2255 motion. Obviously, his belated current filings are well out of time under subsection one. Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's only claim in his motion is that his attorney did not file a direct appeal after being instructed to do so by Petitioner. If this failure occurred, it occurred ten days after Petitioner's judgment was entered in April of 2001. Therefore, Petitioner's claim is based on facts that existed and that could have been discovered through due diligence at that time. This subsection also does not apply and Petitioner's motion is untimely.[3]

Petitioner does not really argue that his motion is timely under § 2255(f). Instead, he asserts that his late filing should be excused through the application of equitable tolling. The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); *Sandvik*, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Harris*, 209 F.3d 325; *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been

---

[3] Petitioner arguably uses his supporting memorandum to raise other claims for ineffective assistance at the plea and sentencing stages of his case. If so, the underlying facts for those claims were also in existence and knowable by the time the judgment was entered.

-4-

Case 1:00-cr-00293-TDS   Document 234   Filed 10/31/08   Page 4 of 6

prevented in some extraordinary way from exercising his rights. *See Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. *Harris*, 209 F.3d 325; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999); *Sandvik*, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers normally grounds for equitable tolling. *Akins*, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. *Pace*, 544 U.S. 408.

Petitioner's claims in an affidavit that he did not file his § 2255 motion earlier because he believed, at all times following his sentencing, that his attorney had filed a direct appeal and that the appeal was pending. Petitioner relates that his attorney told him before his sentencing that he would file an appeal if Petitioner received more than 120 months of imprisonment, that Petitioner did ask his attorney to file a notice of appeal, and that the notice was not filed. Petitioner states that he "never once" heard from his attorney concerning the appeal, but also "[n]ever once" believed that his appeal was not pending. (Docket No. 232.)

Even accepting Petitioner's statement in his affidavit as true, and this is extremely difficult given the amount of time that has passed since Petitioner's sentencing, he still is not entitled to equitable tolling. Petitioner candidly admits that in the approximately seven years between the entry of the judgment in the case and the time he submitted his first § 2255 motion he never heard anything from his attorney about the alleged appeal. Yet Petitioner apparently made no attempt to contact the attorney or otherwise ascertain the status of his appeal by contacting this Court or the Fourth Circuit Court of Appeals. He simply sat waiting for seven years.[4] This does not remotely qualify as a diligent pursuit of his rights. Nothing beyond Petitioner's own intransigence caused his § 2255 motion to be untimely. He is not entitled to equitable tolling. Respondent's motion to dismiss should be granted because Petitioner's § 2255 motion was filed well out of time.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 229) be granted, that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 225) be dismissed, and this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: October 31, 2008

---

[4] If Petitioner did make unmentioned attempts to contact his attorney, he was obviously unsuccessful. It would be unreasonable in those circumstances for him to believe that an attorney who did not respond to his inquiries for seven years was pursuing an appeal on his behalf. His equitable tolling argument could still not succeed.